IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AARON FLEMONS                                                                  PETITIONER
ADC # 119749

V.                    CASE NO. 5:17-CV-00187-BRW-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                              RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

### Procedural History

On April 3, 2012, Petitioner was convicted of three counts of delivery of cocaine (Case Nos. CR-2011-491, CR-2011-493, and CR-2011-494) and delivery of a counterfeit substance (Case No. CR-2011-977) in Sebastian County Circuit Court. (DE # 9-2) On June 19, 2012, Petitioner was convicted in the same court of fleeing apprehension and

leaving the scene of a personal injury accident. (DE # 9-3) Petitioner received 552 months in the Arkansas Department of Correction for the drug related charges and another 360 months, to run consecutively, for the fleeing charge.[1] Petitioner filed a direct appeal of his convictions. In appealing Case Nos. CR-2011, -493, -494, and -977 (the "drug cases"), he argued there was insufficient evidence to support his convictions, and the trial court erred in denying his motion in limine. (DE # 9-4) On April 17, 2013, the Arkansas Court of Appeals affirmed the conviction. *Flemons v. State*, 2013 Ark. App. 239. Petitioner appealed his conviction in Case No. CR-2011-987 (the "fleeing case"), contending that there was insufficient evidence to support his conviction. On May 1, 2013, the Arkansas Court of Appeals affirmed. *Flemons v. State*, 2013 Ark. App. 280.

On June 26, 2013, Petitioner filed his petition for post-conviction relief of the drug cases, pursuant to Arkansas Rule of Criminal Procedure 37.1. (DE # 9-8) Petitioner filed an amended petition on November 15, 2013. (DE # 9-9) Petitioner also sought post-conviction relief of the judgement in the fleeing case. (DE # 9-10) On November 15, 2013, Petitioner amended that petition. (DE # 9-11) The trial court held a hearing on the consolidated Rule 37 petitions, and on March 6, 2014, issued an order denying Rule 37 relief. (DE # 9-12)

Petitioner appealed the denial of Rule 37 relief to the Arkansas Supreme Court. On appeal, Petitioner made the following arguments in support of his Rule 37.1 petition: (1)

---

[1] The 2011 convictions also resulted in the revocation of Petitioner's suspended sentences in Case Nos. CR-2000-827 and CR-2008-1404. On December 9, 2016, Petitioner filed a habeas corpus petition in this Court challenging the revocation proceedings. *See Flemons v. Kelley,* Case No. 5:16-cv-00365-BRW. On February 1, 2018, Petitioner's case was dismissed with prejudice. *Id.* at DE # 37.

trial court erred in denying his motion for continuance of the Rule 37 hearing; (2) trial court erred in denying his motion for appointment of counsel; (3) trial court erred by denying his motion for trial transcripts; (4) trial court erred by not finding ineffective assistance of counsel because he was prevented from a proper investigation of the claims raised in his Rule 37 petitions without the assistance of counsel; (5) he received ineffective assistance of counsel when his trial counsel failed to investigate the search procedures used on the confidential informant ("CI"); (6) he received ineffective assistance of counsel for his trial counsel's failure to raise an entrapment defense; (7) trial court erred "in regard to Ground 14;" (8) trial counsel was ineffective for failing to object to Petitioner appearing before the jury in restraints; (9) trial counsel was ineffective for failure to request a curative instruction regarding the restraints; (10) in the fleeing case, trial counsel was ineffective for failing to investigate a defense based on his mental health; (11) in the fleeing case, trial counsel was ineffective for failing to put on mitigating evidence at sentencing; and (11) Petitioner's appellate counsel, in the fleeing case, was ineffective for failing to challenge the sufficiency of the evidence on appeal. (DE # 9-13) The Arkansas Supreme Court affirmed the denial of post-conviction relief on December 15, 2016. *Flemons v. State*, 2016 Ark. 460.

On July 21, 2017, Petitioner timely filed a petition for writ of habeas corpus (DE # 2), pursuant to 28 U.S.C. § 2254, claiming:

1. Ineffective assistance of counsel due to counsel's failure to effectively communicate the state's "global plea offer";

2. Ineffective assistance of counsel for counsel's failure to properly investigate the delivery of cocaine charges in Case Nos. CR-2011-491, -493, and -494, including possible defenses and adequate preparation for trial;

3. Ineffective assistance of counsel for counsel's failure to raise due process violations for prosecutorial and law enforcement misconduct;

4. Ineffective assistance of counsel for counsel's failure to adequately challenge the admissibility of the CI's testimony;

5. Ineffective assistance of counsel for counsel's failure to challenge the admissibility of State's exhibits 10 and 16 which contained the drugs from the May 24th and 31st transactions;

6. Ineffective assistance of counsel for counsel's failure to request an entrapment instruction;

7. Ineffective assistance of counsel for counsel's failure to advise the court of a conflict of interest because trial counsel's firm previously represented the CI; and

8. Cumulative error.

Respondent filed her response on August 15, 2017, admitting that the Petitioner is in her custody and there are currently no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to a hearing in this Court or to habeas corpus relief.

## Discussion

A. Procedural Default

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. §

2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

  1. *Claims Not Raised in State Court*

     a. Counsel's failure to properly communicate the State's "global plea offer"

Petitioner argues that his trial counsel was ineffective for "misinforming" him of the effects of his guilty plea, failing to explain each individual sentence recommendation of the State's global plea offer, and failing to ensure Petitioner understood the global offer before rejecting. (DE # 2) This claim, however, was not raised in the Rule 37 petition, or the appeal thereof, in conjunction with Petitioner's convictions that he is challenging in the

pending petition. Accordingly, Petitioner's claim is procedurally defaulted unless an exception applies.

The doctrine barring procedurally defaulted claims is not without exception. Under *Martinez*, Petitioner may establish cause to excuse default of some of his ineffective assistance of counsel claims because he lacked appointed counsel during the initial-review collateral proceeding. To utilize this exception, however, Petitioner must first demonstrate that his defaulted ineffective assistance of counsel claims have "some merit." *Martinez*, 132 S.Ct. at 1318. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. This exception only applies to ineffective assistance of trial counsel claims, and is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782, March 10, 2015).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

7

*Id.* at 694. *Strickland* points out that it is tempting for a defendant to second-guess the assistance of counsel after a conviction, and easy for a court to determine that a decision of counsel was unreasonable after a defense has proven unsuccessful. *Id.* at 689. Instead, however, the Court held that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Furthermore, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

Petitioner unsuccessfully raised this "global plea offer" claim in a separate Rule 37 petition challenging the proceedings which led to the revocation of a suspended sentence and also appealed such claim to the Arkansas Supreme Court. Regarding this claim the Arkansas Supreme Court stated:

> The evidence at the hearing on the Rule 37.1 petition established that a plea offer had been made by the deputy prosecutor. That evidence also established that, under the terms of the proposed agreement, if the plea deal was accepted the PTR [petition to revoke] would have been withdrawn.
>
> Before the hearing on the PTR, the prosecution had submitted a plea offer that covered the PTR and the pending charges that had prompted the PTR. Specifically, the offer was that the prosecution would recommend 25-year sentences on a Y-felony drug-delivery charges in three cases, 6-year flat sentence on a charge of leaving the scene of an injury accident and endangering the welfare of a minor, with all sentences to be concurrent.

8

> In addition, the prosecution would withdraw the PTR, provided that Flemons entered pleas to all of these new charges.
>
> . . .
>
> There was evidence at the Rule 37 hearing that Flemons had declined the plea offer and countered with a proposal that he serve 15 years on a conspiracy charge, with the battery charges nolle prossed. There was also evidence that Flemons would have been willing to accept an offer for the full 25-year sentence recommendation, provided the battery charges were dropped. However, there was testimony that the prosecution was unwilling to drop the battery charges, as the deputy prosecutor put it, she would only accept a global agreement on all charges.

*Flemons v. State*, 2016 Ark. 323 at 4-5.

Petitioner contends that he rejected the plea offer because his trial counsel advised him that, if he accepted the plea, he was subject to serving 100% on the battery charges. (DE # 2) This contention is not supported by the record or the record in his previous habeas proceeding challenging the revocation proceedings. During the Rule 37 hearing on the revocation cases, the Sebastian County judge, after much testimony, stated "[y]ou asked [defense counsel] to try to get you a plea agreement without having to plea to those[2]. All the testimony from every witness so far is that she tried to do that, and the prosecutor refused." *See* Case No. 5:16-cv-00365-BRW (DE # 13-8 at pg. 153). Petitioner has not proven that counsel's performance was deficient under *Strickland*. Furthermore, because the claim has no merit it cannot be considered "substantial," and therefore the procedural default of the claim is not excused by *Martinez*.

---

[2] The trial judge was referring to the battery charges.

### b. Counsel's failure to assert prosecutorial and law enforcement violations

Regarding the alleged prosecutorial misconduct, Petitioner alleges violations by: (1) allowing the State to amend the information on the delivery of cocaine charges to include a habitual offender allegation and statutory enhancement; (2) presenting false testimony of Greg Napier regarding the search of the CI before the CI left to do business with the Petitioner; and (3) presenting false testimony of the CI, regarding her prior drug use and relationship she had with the Petitioner. Additionally, Petitioner alleges law enforcement misconduct for various reasons including: (1) staging multiple "buys" to occur in or near "protected grounds" for the purpose of increasing the potential sentence; (2) for employing a "paid informant;" (3) for "retaliating against Petitioner with the filing of the May 17th and 24th delivery charges for his refusing to work as an informant;" and (4) in employing an unreliable CI. (DE # 2, pgs. 22-23)

Petitioner's claim regarding prosecutorial misconduct for amending his criminal information has no merit because Arkansas Code Annotated § 16-85-407(a) allows a prosecuting attorney, with leave of the court, to amend an indictment, as long as the amendment does not change the nature of the crime or the degree of the crime charged. The remaining allegations of misconduct on both the prosecution and law enforcement are wholly without factual support of any kind, other than Petitioner's own assertions. To support his assertions, Petitioner states "[t]he best evidence to prove this claim is testimony of Detective Napier and Gretchen Carney. An evidentiary hearing is necessary to prove this particular claim." (DE # 2, pg. 23) Because the Petitioner sets forth no factual support, the claim has no merit. Consequently, trial counsel's failure to raise the alleged violations

does not amount to ineffective assistance of counsel. Furthermore, since it is not a "substantial" claim, the procedural default is not excused by *Martinez*.

      c. <u>Counsel's failure to challenge the admissibility of State evidence based on chain of custody grounds</u>

This claim was also raised for the first time in the pending habeas petition. Petitioner argues that his counsel was ineffective for failing to object to the admission of State's exhibits 10 and 16, which consisted of the substance recovered from the drug transactions on May 24th and May 31st. (DE # 2, pgs. 26-27) Specifically, Petitioner states that "a state and federal challenge to the evidence on the basis of insufficiency of the chain of custody, lack of proper authenticity, varied descriptions and quantities and missing links on the chain would have been sustained. And there would have been insufficient evidence to support Petitioner's conviction." *Id.* It appears Petitioner mostly takes issue with the fact that a "non-testifying" witness had possession of the illegal substance before it was sent to the crime laboratory.

The Eighth Circuit Court of Appeals has held that chain of custody does not have to be perfect, "[a]ll that is required is testimony that the evidence in question was the same as that involved in the offense and that it is substantially unchanged." *United States v. Johnson*, 688 F.3d 494, 505 (8th Cir. 2012). Furthermore, there is a presumption of integrity of evidence unless there is a showing of bad faith, ill will, or tampering with the evidence. *Id.* Regarding witnesses required to establish proper chain of custody, the United States Supreme Court in *Melendez-Dias v. Massachusetts*, explained in a footnote:

> [I]t is not the case, that anyone whose testimony may be relevant in establishing chain of custody . . . must appear in person as part of the

11

> prosecution's case. While the dissent is correct that [i]t is the obligation of the prosecution to establish a chain of custody, this does not mean that everyone who laid hands on the evidence must be called. Gaps in the chain [of custody] normally go to the weight of the evidence rather than admissibility.

557 U.S. 305 n.1 (2009) (citations and quotations omitted). Petitioner's contention that the evidence was improperly admitted because a "non-testifying" witness handled the substance before it went to the crime laboratory, thereby, invalidating the chain of custody is not supported by *Melendez-Dias*. Furthermore, Petitioner does not support his claim with proof rebutting the presumption of integrity of the evidence by proving bad faith, ill will, or tampering of the State's exhibits. Petitioner's claim, therefore, lacks merit and counsel cannot be ineffective for not raising a meritless claim. The chain of custody claim should be dismissed with prejudice.

  2. *Claims Abandoned on Appeal*

     a. <u>Counsel's failure to adequately challenge the admissibility of the CI's testimony</u>

Specifically, Petitioner argues that his trial counsel "failed to file a meaningful motion to suppress and/or in limine and failed to call witnesses or present evidence to support such a motion." (DE # 2, pg. 24) Petitioner raised this argument in his Rule 37 post-conviction petition; however, he abandoned the argument in the appeal to the Arkansas Supreme Court. The claim, therefore, is procedurally defaulted.

Furthermore, Petitioner cannot use *Martinez* to excuse the default. The Eighth Circuit has held that *Martinez* offers no support "for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold*

*v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). The *Martinez* Court stated that when an "initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim . . . the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal. . ." *Martinez* 566 U.S. at 11. Unlike Martinez, this claim was litigated in his initial-review collateral proceeding. The Eighth Circuit has held that, if a prisoner has already had his or her day in court on his claims, "deprivation of a second day does not constitute cause." *Arnold,* 675 F.3d at 1087. This claim should be dismissed with prejudice.

b. Counsel's failure to advise the court of a conflict of interest

Petitioner alleges that his trial counsel failed to advise the court of a conflict of interest regarding himself and the CI. Specifically, Petitioner argues that his counsel should have sought a waiver to continue representing him because his trial counsel's law firm previously represented the CI "on the charges that led to her becoming an informant." (DE # 2, pg. 30) Petitioner also contends that counsel's "performance throughout this case makes it clear that the informant's interests were placed before Petitioner's by defense counsel." *Id.* Petitioner raised this argument in his Rule 37 post-conviction petition but abandoned it on appeal. Thus, the claim is procedurally defaulted. Furthermore, *Martinez* does not apply for the same reasons as stated above.

B.     Deference to State Court Decisions

  1. *Counsel was Ineffective for Inadequately Preparing for Trial*

Petitioner properly raised this issue on appeal and the Arkansas Supreme Court addressed it on the merits; therefore, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id*. (quoting *Williams*, 529 U.S. at 410-11).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner alleges that his "trial counsel failed to thoroughly investigate the facts surrounding the charges, including possible defenses and failed to prepare for trial." (DE # 2, pg. 19) To support his argument, he specifically alleges that his trial counsel failed to interview Greg Napier, the chief law enforcement officer on the case, and did not speak with the CI, Gretchen Carney, prior to the revocation hearing. *Id.* at 20. In addressing this claim, the Arkansas Supreme Court stated the following:

> A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's alleged errors in order to meet the second prong of the *Strickland* test. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In reviewing an assertion of ineffective assistance of counsel based on failure to investigate, a petitioner must describe how a more searching pretrial investigation would have changed the result of his trial. The burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice.
>
> As the trial court found, trial counsel thoroughly cross-examined the witnesses at trial concerning the procedures used to search the CI. Counsel brought out a number of issues with the search methodology used, and Flemons did not show that pointing to any particular variation from the established policy would have made the challenge any more effective or that counsel would have learned anything of significance from an interview with the officer who conducted the search. As a consequence, Flemons failed to demonstrate a reasonable probability that the jury's decision would have been different absent counsel's alleged errors. Flemons therefore failed to meet his burden to demonstrate prejudice for his claim that counsel was ineffective for the failure to investigate.

*Flemons v. State,* 2016 Ark. 460 at 7-8. (internal citations omitted). This Court finds that the Arkansas Supreme Court properly applied *Strickland*. Petitioner has simply failed to

15

establish any further pre-trial preparation or investigation by his trial counsel that would have changed the outcome. Therefore, it cannot be said the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law. The state court's decision on this claim, therefore, is given due deference, and Petitioner's argument does not entitle him to federal habeas relief.

    *2. Counsel was Ineffective for Failing to Request an Entrapment Instruction*

Petitioner alleges that his trial counsel was ineffective for not requesting or offering an entrapment instruction for the jury. Specifically, Petitioner claims that defense counsel was ineffective by not requesting such instruction on the basis that law enforcement conducted multiple purchases, induced him into making the purchases, and did so in a place that would enhance his potential sentence. (DE # 2, pg. 28-29) In affirming the trial court's denial of post-conviction relief, the Arkansas Supreme Court addressed this claim on the merits and stated:

> Counsel testified at the Rule 37 hearing that she made a strategic decision not to use an entrapment defense. She explained that she believed the defense was, as a practical matter, impossible to prove, and she indicated that she did not want to risk having evidence of Flemons's past drug use brought in to counter an entrapment defense. Counsel brought out through testimony that the CI had asked to meet at the park, and she testified that she believed that this evidence may have helped the jury conclude that the minimum enhancement for the proximity enhancements was appropriate. Counsel did not believe that there was sufficient evidence to support entrapment as to the delivery charges. Because no drugs or buy money were found in Flemons's possession, she believed the innocence defense that she elected to utilize was a stronger defense.
>
> When a decision by trial counsel is a matter of trial tactics or strategy and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37. It is well settled that trial counsel's decisions regarding what theory of the case to pursue

> represent the epitome of trial strategy. Here, Flemons contends that the decision not to utilize an entrapment defense was not reasonable. He contends that it was not necessary for him to testify to present an entrapment defense, that his prior convictions may not have been admissible, and that, because evidence of entrapment concerning the proximity enhancement was admitted, the jury should have been instructed as to the defense.
>
> Even if Flemons may have been entitled to a jury instruction on entrapment, his attorney was not ineffective simply for failing to request the instruction. This court has recognized that an 'all-or-nothing' approach in the decision not to request instructions on lesser-included offenses is not unreasonable simply because the strategy fails. The circumstances here are similar. Counsel explained her reasons for not pursuing an inconsistent defense to what she believed was a relatively strong innocence defense. Flemons failed to show that a decision by trial counsel not to dilute the impact of a stronger defense or the presentation of confusing argument about such a defense was unreasonable. The trial court, therefore, was not clearly erroneous in denying postconviction relief on this issue.

*Flemons*, 2016 Ark. At 9-10. (internal citations omitted). This Court finds that trial counsel's decision not to use an entrapment defense or request an entrapment jury instruction was the result of reasonable professional judgment and not deficient under *Strickland*. This Court, therefore, gives deference to the Arkansas Supreme Court's ruling on this ineffective assistance of counsel claim.

    *3. Cumulative error*

    In Petitioner's last claim for relief, he argues that he is entitled to habeas relief due to the cumulative effect of his claims of ineffective assistance of counsel. On appeal, the Arkansas Supreme Court rejected this argument stating "[i]t is reversible error for the trial court to consider cumulative error in its analysis of claims of ineffective assistance of counsel under the *Strickland* test. *Flemons,* 2016 at 17. Furthermore, the Eighth Circuit

has held that cumulative error is not grounds for habeas relief. See *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006). Petitioner's final claim, therefore, should be dismissed with prejudice.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 16th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE